UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GRANT JOSEPH VAHOVICK,<br><br>Plaintiff,<br><br>v.<br><br>JILL DUFRENE, *et al.*,<br><br>Defendants. | Case No. 25-11372<br>Honorable Susan K. DeClercq<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT AND TO DISMISS
(ECF NOS. 11, 16)**

I.    **Introduction and Background**

Plaintiff Grant Joseph Vahovick, a prisoner proceeding pro se, sues Michigan Department of Corrections (MDOC) medical providers Jill Dufresne,[1] Trisha Masker, Sunhwa Choi, and Tracey Robertson under 42 U.S.C. § 1983Vahovick claims that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment while he was incarcerated at the Saginaw Correctional Facility (SCF) in Freeland,

---

[1] The complaint spells her last name as "Dufrene" but defense counsel spells it "Dufresne."  ECF No. 11, PageID.37

1

Michigan. ECF No. 1. He alleges that he awoke in February 2025 covered in urine and feces and remained like that for two hours because he couldn't move his legs. *Id.,* PageID.7. At Vahovick's request, officers contacted health services several times, but health services denied being able to help him with his incontinence except to provide him with diapers. *Id*.

The Honorable Susan K. DeClercq referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 12. Dufrense and Masker move for summary judgment, under Federal Rule of Civil Procedure 56, based on exhaustion. ECF No. 11. Choi and Robertson move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6), and move for summary judgment under Rule 56, based on their lack of personal involvement. For the reasons below, the Court **RECOMMENDS** that both motions be **GRANTED.**

I.   Analysis

A.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court

explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id*., and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The Court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B.

Dufrense and Masker move for summary judgment on exhaustion grounds. ECF No. 11. The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. N*go, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires

exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford,* 548 U.S. at 93-94. But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 20-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), adopted, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006). "A district court should grant

summary judgment only if defendant establishes that there is no genuine dispute of material fact that a plaintiff failed to exhaust." *Does 8-10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019) (cleaned up).

MDOC Policy Directive (PD) 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances. ECF No. 11-2. A prisoner fails to properly exhaust his administrative remedies under the policy directive when he fails to "specify the names of each person from whom he seeks relief." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). A grievant must include "[d]ates, times, and places, and *names of all those involved in the issue being grieved are to be included*" in Step I of the grievance. *Id.* (emphasis in original); MDOC PD 03.02.130.

The requirement that the grievant name those involved in not strictly construed. "Courts in this circuit have repeatedly held that a grievance that does not identify a prison official by name must at least include other information identifying the official, such as the official's title or position or even the facts set forth in the grievance." *Savoie v. Oliver*, 731 F. Supp. 3d 862, 872 (E.D. Mich. 2024) (cleaned up). But generic references to terms like "my doctor" or "medical" fail to provide the officials involved with notice of the allegations. *Id*.

Dufrense and Masker argue that Vahovick failed to exhaust his claims against them, attaching an exhibit showing that Vahovick "filed only one Step III grievance arising out of SRF-134." ECF No. 11, PageID.55; ECF No. 11-3 (cleaned up). That grievance states that "Health Care [ ] did not do anything for" him. ECF No. 11-3, PageID.75. Vahovick's generic reference to "Health care" did not give Dufrense or Masker notice of the allegations against them, *Savoie*, 731 F. Supp. 3d at 872, so their motion for summary judgment should be granted.

### C.

Choi and Robertson move to dismiss the claims against them or for summary judgment, alleging that they were not personally involved in constitutional violations Vahovick alleges. ECF No. 16. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original). A plaintiff "must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi,* 680 F.3d 617, 626 (6th Cir. 2012).

For a "deliberate indifference" claim, a plaintiff must "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Thus, to state claim for deliberate indifference to a medical need under the Eighth Amendment, a plaintiff must allege *personal involvement* by a defendant in the alleged denial or administering of medical treatment. *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001); *see also Reilly v. Vadlamudi,* 680 F.3d 617, 626 (6th Cir. 2012) (A plaintiff "must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant.").

Vahovick's complaint lacks factual allegations about the personal involvement of either Choi or Robertson in the alleged denial of treatment. Thus, dismissal is warranted under Rule 12(b)(6). And Choi and Robertson's motion for summary judgment should be granted because they submit affidavits and medical records showing that they did not treat Vahovick on the day in question.

Choi states in her affidavit that she does not work on-site at the SCF and thus could not have received calls from a corrections officer to the

8

health clinic there on the date in question. ECF No. 16-2, PageID.115. Her only involvement with Vahovick's care was to renew his acetaminophen prescription remotely from Duane Waters Hospital. *Id*. PageID.108, 115. Robertson claims by affidavit that she was on vacation and thus not working on the date of the incident. ECF No. 16-3, PageID.119.

Vahovick's response neither addresses those affidavits nor includes evidence showing Choi's or Robertson's personal involvement. ECF No. 20. Thus, he fails to set forth specific facts showing a genuine issue for trial and Choi and Robertson's motion for summary judgment should be granted. *Celotex Corp.*, 477 U.S. at 324.

## II.     Conclusion

The Court **RECOMMENDS** that Dufrense and Masker's motion for summary judgment (ECF No. 11) be **GRANTED** and the claims against them be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. The Court **RECOMMENDS** that Choi and Robertson's motion to dismiss and for summary judgment (ECF No. 16) be **GRANTED** and the claims against them be **DISMISSED WITH PREJUDICE**. If these recommendations are adopted, Vahovick will have no remaining claims against any defendants.

Dated: October 24, 2025

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

9

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 24, 2025.

                                      <u>s/Davon Allen</u>
                                      DAVON ALLEN
                                      Case Manager